**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-10098 |
| Plaintiff-Appellee, | D.C. Nos. |
| | 1:14-cr-00690-DKW-4 |
| v. | 15-cr-635 |
| MARK KALANI BEEBE, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted March 10, 2022**
Portland, Oregon

Before:  GRABER, BEA, and M. SMITH, Circuit Judges.

Defendant Mark Kalani Beebe timely appeals the district court's denial of

his motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Reviewing for

abuse of discretion, United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021) (per

curiam), we affirm.

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

After the district court issued its original order, we held in United States v. Aruda, 993 F.3d 797 (9th Cir. 2021) (per curiam), that United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 is not binding when, as here, a defendant files a motion for release.  Here, although the district court described U.S.S.G. § 1B1.13 as binding, its analysis did not cite the Guideline, and the court does not appear to have treated the Guideline as binding.  The court fully considered Defendant's arguments for release and reasonably rejected them because of the low rate of COVID-19 infection at the prison and because of the "rare" risk of reinfection.  Any doubt about the role that the Guideline played is resolved by the district court's post-Aruda order denying bail, in which the court affirmed what is clear from its original order:  the Guideline "played no meaningful role" in the court's analysis.  Any error was harmless.

Nor did the district court err by resting solely on its conclusion that Defendant had not shown an "extraordinary and compelling reason" for release, without considering the factors listed in 18 U.S.C. § 3553(a).  See Keller, 2 F.4th at 1283–84 (holding that the two steps are independent and that "a district court that properly denies compassionate release need not evaluate each step").

**AFFIRMED.**